UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. DUNHAM,<br><br>　　　　　　Plaintiff,<br>　v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>　　　　　　Defendant. | Case No. 8:16-cv-02154-SHK<br><br>SECOND ORDER TO SHOW CAUSE WHY EAJA FEE PETITION SHOULD NOT BE DENIED |

Plaintiff Jeffrey Dunham ("Plaintiff") brought this action for judicial review of the Commissioner of the Social Security Administration's ("Commissioner" or "Agency") final decision denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). Electronic Case Filing Number ("ECF No.") 1, Complaint. After the Court reversed the Commissioner's decision to deny Plaintiff's DIB application under sentence four of 42 U.S.C. Section 405(g) and remanded the case back to the Agency for further proceedings on November 21, 2017, Plaintiff petitioned the Court for attorney fees, expenses, and costs, totaling $4,023.44, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 1920 and 2412, on February 21, 2018. ECF No. 26,

Opinion and Order at 12-13; ECF No. 27, Judgment; ECF No. 28, Plaintiff's Petition for Attorney Fees, Costs, and Expenses Under EAJA ("Petition") at 2-3.

On June 6, 2018, the Court ordered Plaintiff to show cause why the Petition should not be denied as untimely, because Plaintiff's Petition was filed ninety-two days after the Court entered final judgment reversing the decision of the Commissioner and remanding the case to the Agency for further administrative proceedings. ECF No. 31, Order to Show Cause ("OSC"). Specifically, the Court found that the thirty-day filing period in 28 U.S.C. § 2412(d)(1)(B) and the sixty-day appeal period in Federal Rule of Appellate procedure ("FRAP") 4(a)(1)(B), which when taken together result in a ninety-day filing deadline, had lapsed by two days when Plaintiff filed his Petition. Id. Thus, because Plaintiff filed his Petition two days after the ninety-day combined filing deadline imposed by 28 U.S.C. § 2412(d)(1)(B) and FRAP 4(a)(1)(B), Plaintiff was ordered to show cause why his Petition should not be denied as time-barred. Id.

On June 20, 2018, Plaintiff responded to the Court's OSC and argued that the Petition was timely filed. ECF No. 32, Response to OSC. Plaintiff argued the Petition was timely filed because the sixty-day deadline under FRAP 4(a) lapsed on January 22, 2018—a Saturday—and "[t]he sixty days cannot lapse on a Saturday or Sunday (or a Court holiday) because the Court is not open to receive the parties appeal." Id. at 2. Plaintiff added that the sixty-day deadline also "cannot lapse on January 19, 2018 because that would in this case only allow 59 days to appeal." Id. Plaintiff, however, cited no authority whatsoever in support of these arguments.

Plaintiff is therefore ordered to show cause within fourteen days—with reasons supported by legal authority—why the Petition should not be denied as untimely. Defendant shall have fourteen days after the date of Plaintiff's response, if any, to file a reply. In its reply, Plaintiff shall cite to any authority that supports his position including any legal authority indicating that this Court retains

///

jurisdiction during the relevant time period.

IT IS SO ORDERED.

DATED: 7/10/2018

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge